**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GERALD WERTH, II,

      Petitioner,                    Civil No. 5:09-CV-11472
                                            HONORABLE JOHN CORBETT O'MEARA
v.                                   UNITED STATES DISTRICT JUDGE

KENNETH McKEE,

      Respondent,

_____/

**OPINION AND ORDER DENYING THE MOTION FOR RECONSIDERATION**

On April 14, 2009, petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On April 23, 2009, Magistrate Judge R. Steven Whalen issued an order for responsive pleadings, requiring respondent to file an answer by October 28, 2009.  Petitioner has now filed a motion for reconsideration, in which he asks this Court to shorten the time for respondent to file an answer to the petition for writ of habeas corpus from six months to ninety days.

U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration.  However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Ford Motor Co. v. Greatdomains.com, Inc.,* 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001); *See also Williams v. McGinnis*, 192 F. Supp. 2d 757, 759 (E.D. Mich. 2002).  A motion for reconsideration should be granted if the movant demonstrates a

1

palpable defect by which the court and the parties have been misled and that a different

disposition of the case must result from a correction thereof. *Williams,* 192 F. Supp. 2d at

759; *MCI Telecommunications Corp. v. Michigan Bell Telephone Co.,* 79 F. Supp. 2d

768, 797 (E.D. Mich. 1999).  A palpable defect is a defect that is obvious, clear,

unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich.

1997).

 The Court denies petitioner's motion for reconsideration.  Although a habeas

corpus petitioner who challenges the legality of his state custody is entitled to reasonably

prompt disposition of his petition, *See Ukawabutu v. Morton*, 997 F. Supp. 605, 610

(D.N.J. 1998), this Court has the discretion under the rules governing responses in habeas

corpus cases to set a deadline for a response to a habeas petition. *Erwin v. Elo,* 130 F.

Supp. 2d 887, 891 (E.D. Mich. 2001); 28 U.S.C. § 2243..  This Court routinely gives the

State of Michigan six months to file an answer to the petition for writ of habeas corpus.

Moreover, petitioner has failed to show good cause to expedite a ruling on his petition for

habeas relief to the detriment of petitions filed prior to the filing of his petition, because

petitioner has shown no undue delay or that any delay had been or would be highly

prejudicial to him. *See Castillo v. Pratt,* 162 F. Supp. 2d 575, 576 (N.D. Tex. 2001).

Petitioner's request and attack on his sentence "differs little from the vast majority of

habeas petitions" that are filed with the court. *Id.*  Petitioner has shown  nothing which

would separate his habeas application from the petitions that preceded it. *Id.*  Petitioner

has failed to demonstrate that his petition has such merit that expedited consideration is

warranted. *Castillo,* 162 F. Supp. 2d 576.

Petitioner's motion for reconsideration will be denied, because petitioner is merely

presenting issues which were already ruled upon by the Court, either expressly or by

reasonable implication, when the Court set the original response date. *Hence v. Smith,* 49

F. Supp. 2d 547, 553 (E.D. Mich. 1999).

## ORDER

Based upon the foregoing, IT IS ORDERED that the motion for reconsideration

[Dkt. Entry # 6] is **DENIED.**

s/John Corbett O'Meara
United States District Judge

Date:  May 26, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of
record on this date, May 26, 2009, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager

3